**STATE of Minnesota, Respondent,**

v.

**Michael James BAUER, Sr., Appellant.**

**No. 48786.**

Supreme Court of Minnesota.

Jan. 11, 1980.

C. Paul Jones, Public Defender and Phebe S. Haugen, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas W. Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

YETKA, Justice.

The appellant was convicted of first-degree criminal sexual conduct after a trial by jury before the Second Judicial District Court. Prior to sentencing, the court had the appellant submit to a social and mental examination by the county probation office. After receiving the report, which recommended psychiatric treatment, the court rejected the treatment alternative and sentenced the appellant to a term of not more than 20 years in Stillwater State Prison.

The appellant appeals from the judgment of conviction and the sentence imposed thereon and from an order denying a motion for a new trial. We affirm.

The issues presented on appeal are:

I. Was the evidence sufficient to support the verdict?

II. Did the trial court correctly apply the Sex Offenders Act, Minn.Stat. § 246.43 (1976),[1] in sentencing the appellant?

■ The 10-year-old female victim was a member of a family which had long been friends with defendant and his wife and family. The victim and her 14-year-old sister had often babysat for defendant and his wife. On the day of the alleged offense, the victim and her 14-year-old sister went to defendant's home. The 14-year-old went shopping with defendant's wife, and the 10-year-old victim was left alone with defendant and a baby of the Bauers.

When the defendant's wife left, the victim alleges the defendant pulled down her shorts, stuck his finger into her vagina and kissed her. He then took her into the Bauers' bedroom, undressed her completely, put her on the bed, forced her to put his penis in her mouth and then placed his penis into her vagina. When he stopped, the girl found she was bleeding and had "whitish stuff" on her legs. She also testified there was blood on the bedsheets.

That day, the girl told no one what had happened. However, when she was again at the Bauers' home the next day with her 14-year-old sister, she told her sister about the events of the previous day. After being given the foregoing story, the older sister wrote a note to Mrs. Bauer, who was out with the defendant at the time. When the Bauers returned, the defendant went out with his baby daughter. The 14-year-old victim's sister then gave the note to Mrs. Bauer and showed her the blood on the sheets. Mrs. Bauer broke into tears and tore the sheets from the bed. Later, although the victim, her 14-year-old sister and defendant's wife all testified that they had observed blood on the bedsheets, an

1. Section 246.43 was repealed by 1978 Minn. Laws ch. 723, § 19, effective May 1, 1980.

investigator for the police and defendant both claimed they saw none. The sheets were introduced into evidence.

The victim was given a medical examination approximately 30 hours after the incident and found to have a small tear in her hymen with bruises on both sides of the vagina. The police investigator testified that seminal fluid and human sperm were found on the underwear which the victim had worn the day of the assault.

This evidence appears to us to be more than sufficient to support the verdict.

The defendant's second issue is answered by our recent decision in *Fritz v. State*, 284 N.W.2d 377 (Minn.1979), where we held that a defendant may be sentenced to prison even if specialized treatment is recommended by the required presentence report.

Affirmed.